UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-68 |
| | ) | |
| HECTOR MANUEL RIVERA | ) | |

## **O R D E R**

This supervised release revocation matter came before the Court on February 13, 2006, for a hearing. It is hereby **ORDERED** that the defendant's motion to reseal this case and conduct all hearings in a closed courtroom is **DENIED**. [Doc. 33].

It was stipulated by the defendant that he has violated the conditions of his supervised release by the following:

1. From November 2, 2005 to December 6, 2005, he failed to maintain weekly contact with probation.

2. He failed to notify probation about his change in residence the 30 days prior to December 7, 2005 and the change after December 7, 2005, when he moved out of the Andrew Johnson Inn which was discovered on December 14, 2005.

3. He failed to comply with the directions of the DEA because Agent Templeton did not know his whereabouts on December 14, 2005, and he did not know where he was for most of the month of November of 2005.

It was not contested that the defendant's violation guideline range is now six (6) months to twelve (12) months; however, the defendant is subject to a maximum sentence of sixty months (60) months under 18 U.S.C. § 3583(e)(3).

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of six (6) to twelve (12) months. Because the policy statements of Chapter 7 of the U.S.S.C.G. are a policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West,* 59 F.3d 32 (6th Cir. 1995).

The defendant was originally subject to a guideline range of 151 to 188 months because his offense involved 1000 kilograms or more of marijuana. The government recommended that he receive a sentence of time served which was, in effect, no time because he was also serving a state sentence in Sullivan County, Tennessee. Based upon the enormous benefit that the defendant received from the motion for downward departure and based upon his present violations, the Court does not find that in the interest of society, or in the interest of rehabilitating this defendant, a sentence within the suggested range of six (6) to twelve (12) months is appropriate.

Accordingly, the Court **FINDS** that the defendant has violated the terms of his supervised release, and the Court will impose a sentence authorized by 18 U.S.C. § 3583(e)(3). Therefore, it is hereby **ORDERED** that the defendant's term of

2

supervised release is **REVOKED**, and the defendant is sentenced to serve a term of twenty-four (24) months of incarceration. The Court **RECOMMENDS** that the defendant be designated to a federal facility in Texas as close to his family as possible.

Following his term of incarceration, the defendant will be placed on a term of supervised release of three (3) years. During this term of supervised release, he will be subject to the thirteen standard conditions of supervision imposed in Local Rule 83.10, and he shall not illegally possess a controlled substance. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921, and he shall cooperate in the collection of DNA as directed. In addition, he will be subject to the following special conditions in regard to his supervised release:

> 1. The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer.

The defendant is **REMANDED** to the custody of the United States Marshal.

ENTER:

                                            s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE